NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| JOHN WALSH, ) | |
| ) | Supreme Court No. S-18155 |
| Appellant, ) | |
| ) | Superior Court No. 3AN-14-09298 CI |
| v. ) | |
| ) | MEMORANDUM OPINION |
| BROOKE SINGLETON, f/k/a Brooke ) | AND JUDGMENT* |
| Wright, ) | |
| ) | No. 1896 – June 8, 2022 |
| Appellee. ) | |
| ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Herman G. Walker, Jr., Judge.

Appearances: John Walsh, pro se, Anchorage, Appellant. Brooke Singleton, pro se, Wasilla, Appellee.

Before: Winfree, Chief Justice, Maassen, Carney, Borghesan, and Henderson, Justices.

I.      INTRODUCTION

A father and mother both living in Anchorage have been engaged in a longstanding child custody dispute. In 2021 the mother purchased a home in Wasilla, where she planned to relocate, and she filed a motion in the superior court requesting a permanent change of school. The court determined that the parties' existing shared custody schedule would be unworkable during the school year following the mother's move, and it treated the mother's motion as a motion to modify physical custody. After

---

\*      Entered under Alaska Appellate Rule 214.

a hearing, the court awarded primary physical custody of the children to the mother during the school year. The father appeals the custody modification. We conclude that the superior court's factual findings are supported by evidence and are not clearly erroneous. We also conclude that the court did not abuse its discretion by modifying custody under the circumstances. We therefore affirm the custody modification order.

## II.    FACTS AND PROCEEDINGS

John Walsh and Brooke Singleton have two children, one born in 2009 and one born in 2011. After ending their relationship in 2013, Walsh and Singleton began to dispute custody of the children. Walsh filed for joint legal and shared physical custody in 2014. Singleton initially disagreed and sought sole legal and primary physical custody in her answer to Walsh's complaint. In January 2016, however, they agreed to joint legal and shared physical custody of the children. According to the agreement, when school was in session Singleton had physical custody of the children during the school week and Walsh had physical custody on weekends. During summer break the parents alternated physical custody on a weekly basis. Walsh also agreed to pay child support as calculated under Alaska Civil Rule 90.3. The superior court incorporated the parties' agreement into its custody decree.

Despite the parties' custody and support agreement, further disputes soon followed. Singleton filed multiple motions to enforce provisions of the agreement, including a motion in April 2016 for the superior court to order Walsh to pay child support. According to Singleton, Walsh refused to pay child support as agreed. Walsh responded in July 2016 by moving to modify child support and disputing the amount of his obligations. After an evidentiary hearing in January 2017, the superior court granted Walsh's motion to modify the child support order. Prior to the effective date of the modification, Walsh had accumulated almost $20,000 in child support arrears, and he continued to accrue more arrears even after his obligations were modified.

In September 2017 Singleton filed a series of motions to modify custody and visitation because she had recently learned that Walsh was involved in two incidents of domestic violence with his significant other. Because of those incidents, the superior court ordered that Walsh could have visitation with the children only while his mother was supervising. This supervised visitation arrangement continued until March 2018, when the court removed the supervision requirement after Walsh made significant progress in his domestic violence intervention program.

The superior court held a further hearing on Singleton's motion to modify custody in August 2018. After hearing testimony from both parties, the court determined that it needed to order a full custody investigation before it could rule on the custody modification. The investigation was completed in December 2018.

Following a hearing in January 2019, the superior court issued an order modifying custody. The court first noted that Walsh's two instances of domestic violence constituted a substantial change in circumstances that permitted custody modification. After reflecting that "less interaction between the parties is in the children's best interest," the court ordered a week on/week off shared physical custody schedule throughout the year. The court also ordered joint legal custody because "if it were to award one party sole legal custody over the other, both parties would not consider the other part[y's] point of view in major decision making."

The week on/week off custody schedule continued through 2020 and into 2021. However, in March 2021 Singleton filed a "Motion for Permanent Change of School." She explained that she had purchased a house in Wasilla with her husband and planned to move there from Anchorage. Given this relocation, Singleton wanted the superior court to issue an order for the children to attend school in Wasilla. Walsh did not file a response.

The superior court held a hearing on Singleton's motion about a month

later. The court began by clarifying the scope of the motion, explaining to the parties that under the circumstances the motion essentially amounted to a request to modify physical custody. The court then provided opportunities for both parties to articulate their positions on the motion. After hearing from the parties, the court explained that it was "not realistic" to keep the existing custody arrangement after Singleton moved to Wasilla; instead, it would have to decide which parent would have primary physical custody during the school year and then work out a visitation schedule for the other parent. The court took the motion under advisement.

In June 2021 the superior court issued an order modifying physical custody. It first found that Singleton's move to Wasilla created a substantial change in circumstances. It also found that the move was motivated by Singleton's desire to purchase a home for her family, which was "a legitimate purpose" and not "intended to disrupt [Walsh's] parenting time." The court then determined that it was in the children's best interests to modify custody and granted Singleton primary physical custody of the children during the school year.

Walsh appeals the custody modification order.

## III. STANDARD OF REVIEW

"The superior court has 'broad discretion in child custody decisions.' "[1] We will set aside a determination of custody "only if the entire record demonstrates that the controlling findings of fact are clearly erroneous or that the [superior] court abused its discretion."[2] "A factual finding is erroneous if, 'based on a review of the entire record, the finding leaves us with a definite and firm conviction that a mistake has been

---

[1]     *Robert A. v. Tatiana D.*, 474 P.3d 651, 654 (Alaska 2020) (quoting *Thompson v. Thompson*, 454 P.3d 981, 988 (Alaska 2019)).

[2]     *Roman v. Karren*, 461 P.3d 1252, 1263 (Alaska 2020).

made.' "[3] "Abuse of discretion is established if the [superior] court considered improper factors in making its custody determination, failed to consider statutorily mandated factors, or assigned disproportionate weight to particular factors while ignoring others."[4]

## IV. DISCUSSION

"Deciding a motion to modify custody or visitation is a two-step process. The superior court must first find that there has been a substantial change in circumstances that justifies revisiting the custody or visitation situation."[5] If the court finds that there has been a substantial change in circumstances, it must then "consider whether modifying custody would be in the children's best interests."[6]

Walsh argues that the superior court erred by granting Singleton primary physical custody of the children during the school year. He contends that: (1) the move to Wasilla was not a substantial change in circumstances; (2) Singleton did not have a legitimate reason for moving; and (3) modifying custody was not in the children's best interests. Because we conclude that the court's factual findings were not clearly erroneous and that modifying custody was not an abuse of discretion in this context, we affirm the custody modification order.

---

[3]     *Bruce H. v. Jennifer L.*, 407 P.3d 432, 436 (Alaska 2017) (quoting *Rego v. Rego*, 259 P.3d 447, 452 (Alaska 2011)).

[4]     *Roman*, 461 P.3d at 1263.

[5]     *Susan M. v. Paul H.*, 362 P.3d 460, 467 (Alaska 2015) (footnote omitted); *see also* AS 25.20.110(a) ("An award of custody of a child or visitation with the child may be modified if the court determines that a change in circumstances requires the modification of the award and the modification is in the best interests of the child.").

[6]     *Georgette S.B. v. Scott B.*, 433 P.3d 1165, 1171 (Alaska 2018).

**A.** **The Superior Court Did Not Abuse Its Discretion By Determining That The Move Was A Substantial Change In Circumstances.**

"A parent seeking to modify custody bears the burden of showing a substantial change in circumstances sufficient to justify modifying custody."[7] A change is unlikely to be sufficiently substantial unless it "affects the children's welfare and 'reflect[s] more than mere passage of time.' "[8] "The analysis is heavily fact-intensive (though certain changes, like an out-of-state move, are substantial as a matter of law)."[9] While we have not held that an in-state move is substantial as a matter of law, we have noted "that a parent changing locations can significantly [alter] custodial time."[10]

Walsh contends that Singleton's move to Wasilla was not a substantial change in circumstances because "[t]here were no substantial reasons to move," essentially arguing that Singleton should not have moved at all. While he concedes that "[t]he move was a substantial change for [Singleton]," he asserts that it "should not have been a substantial change for the children as they were happy in their situation with the 50/50 custody."

The superior court acted within its discretion in determining that Singleton's move to Wasilla constituted a substantial change in circumstances. As an initial matter, the question is whether the move is a substantial change in circumstances

---

[7] *Bruce H.*, 407 P.3d at 436.

[8] *Collier v. Harris*, 377 P.3d 15, 22 (Alaska 2016) (alteration in original) (quoting *Hope P. v. Flynn G.*, 355 P.3d 559, 565 (Alaska 2015)).

[9] *Id.* (citing *Rego v. Rego*, 259 P.3d 447, 452 (Alaska 2011)).

[10] *Beals v. Beals*, No. S-15632, 2015 WL 1394674, at *3 (Alaska Mar. 25, 2015).

affecting the children,[11] not whether the move was justified by compelling reasons.[12] Furthermore, if the existing custody order remained in effect following Singleton's move to Wasilla, the parent living further away from the children's school would have been required to make two trips per weekday between Wasilla and Anchorage to drop off and pick up the children at school during their custody time. This would have presented a substantial hardship for the parent living further away from the children's school and would have severely limited the ability of the children to take part in before-school and after-school activities during that parent's custody time. The move thus affects the children's welfare and reflects more than the passage of time.[13] Under the circumstances we see no abuse of discretion.

**B.    The Superior Court Did Not Clearly Err By Finding That The Move Had A Legitimate Purpose.**

When a parent plans to relocate, courts routinely assess the legitimacy of the move when determining whether to modify custody.[14] "For a move to be legitimate, the moving parent must show that the move 'is not primarily motivated by a desire to

---

[11]    *See Collier*, 377 P.3d at 22.

[12]    *See Bruce H.*, 407 P.3d at 437.

[13]    *See Collier*, 377 P.3d at 22 (discussing how record did not show how changes in circumstances had "negatively impact[ed]" welfare of child).

[14]    *See Mengisteab v. Oates*, 425 P.3d 80, 85 (Alaska 2018). This assessment is required when one parent plans to move out of Alaska. *Id.* We have not mandated its application to relocations like this one that occur within Alaska. *See, e.g.*, *Beals*, 2015 WL 1394674, at *2-3 (citing *Campbell v. Hanson*, No. S-14410, 2012 WL 2866090, at *4 (Alaska July 11, 2012)). "But on the other hand, we have never held in a case factually resembling this one that it was an abuse of discretion to" assess the legitimacy of the move. *Id.* at *3 (quoting *Campbell*, 2012 WL 2866090, at *4).

make visitation more difficult.' "[15]  The moving parent need not "prove a compelling reason to move so long as the primary motivation is not limiting visitation with the other parent."[16]  "When a legitimacy finding is based on a court's assessment of a parent's credibility, we 'give it particular deference.' "[17]

Walsh asserts that Singleton's move to Wasilla was illegitimate because it disrupted his parenting time and did "not allow any additional opportunities than the children had here in Anchorage."  He further contends that Singleton "could have relocated to many homes in Anchorage, but instead did not take parenting time into consideration."

Walsh misunderstands the role of the superior court in assessing the legitimacy of a parent's move.  "[T]he [superior] court does not have the authority to place restrictions on a parent's ability to relocate."[18]  "The question for the court is what motivated the move, not whether the motivation was a wise one."[19]  Here, the court determined that the move was primarily motivated by Singleton's desire to "purchase a home for her family and that it was cheaper to buy a home in Wasilla."  The court explicitly found that "[t]his is a legitimate purpose."  This finding was based in part on Singleton's testimony at the hearing.  We thus give the finding "particular deference."[20]  Walsh has not pointed to any specific evidence that calls the superior court's legitimacy

---

[15]  *Bruce H.*, 407 P.3d at 437 (quoting *Rego v. Rego*, 259 P.3d 447, 453 (Alaska 2011)).

[16]  *Id.*

[17]  *Id.* (quoting *Kristina B. v. Edward B.*, 329 P.3d 202, 214 (Alaska 2014)).

[18]  *Moeller-Prokosch v. Prokosch*, 27 P.3d 314, 317 (Alaska 2001).

[19]  *Judd v. Burns*, 397 P.3d 331, 336 n.16 (Alaska 2017).

[20]  *Bruce H.*, 407 P.3d at 437 (quoting *Kristina B.,* 329 P.3d at 214).

finding into question. After "a review of the entire record" we do not have "a definite and firm conviction that a mistake has been made,"[21] and we therefore see no clear error.

### C. The Superior Court Did Not Abuse Its Discretion By Determining That Modifying Custody Was In The Children's Best Interests.

"The superior court's custody modification decision must be guided by the best interest factors listed in AS 25.24.150(c),"[22] which are:

> [1] the needs of the child; [2] each parent's ability and desire to meet those needs; [3] the child's preference, if he or she is old enough to have one; [4] the love and affection between the child and each parent; [5] the stability and continuity of the child's environment; [6] the willingness of each parent to facilitate the child's relationship with the other parent; [7] any domestic violence or child abuse; [8] any substance abuse that directly affects the child; and [9] other factors that the court deems pertinent.[23]

"We review the adequacy of findings for 'whether they give a clear indication of the factors considered important by the [superior] court or allow us to determine from the record what considerations were involved.' "[24] "The superior court need not discuss each of the factors; it must only address those that are 'actually relevant in light of the evidence presented.' "[25] "While the 'court cannot assign disproportionate weight to

---

[21]     *Id.* at 436 (quoting *Rego v. Rego*, 259 P.3d 447, 452 (Alaska 2011)).

[22]     *Andrea C. v. Marcus K.*, 355 P.3d 521, 528 (Alaska 2015).

[23]     *Sweeney v. Organ*, 371 P.3d 609, 612 (Alaska 2016) (format retained from original).

[24]     *Thomas v. Thomas*, 171 P.3d 98, 102 (Alaska 2007) (quoting *Borchgrevink v. Borchgrevink*, 941 P.2d 132, 137 (Alaska 1997)).

[25]     *Id.* at 102-03 (quoting *Virgin v. Virgin*, 990 P.2d 1040, 1045 (Alaska 1999)).

particular factors while ignoring others, it has considerable discretion in determining the importance of each statutory factor in the context of a specific case and is not required to weigh the factors equally.' "[26]

The superior court understandably focused its best interests analysis primarily on the needs of the children, especially their educational needs, and the capability and desire of each parent to meet those needs.[27] The court noted that Singleton was "the primary caretaker of the children prior to the shared custody arrangement" and had "been meeting the educational needs of the children, especially during the pandemic." The court also addressed the stability and continuity of the children's environment.[28] Given that it was not possible to maintain the existing continuity once Singleton moved to Wasilla, the court looked at the stability of each household and determined that this factor favored Singleton. In doing so the court noted that Walsh had recently begun a relationship with a new girlfriend and had limited his communication with Singleton since the relationship started. The court further pointed out that Walsh had stopped paying child support for a period of time. By forgoing discussion of the other statutory factors, the court implicitly determined that they were not "relevant in light of the evidence presented."[29] Although the court's findings are somewhat sparse, they are adequate for our review.[30]

---

[26] *Georgette S.B. v. Scott B.*, 433 P.3d 1165, 1171 (Alaska 2018) (quoting *Judd v. Burns*, 397 P.3d 331, 339-40 (Alaska 2017)).

[27] AS 25.24.150(c)(1)-(2).

[28] AS 25.24.150(c)(5).

[29] *Thomas*, 171 P.3d at 103 (quoting *Virgin*, 990 P.2d at 1045).

[30] *Borchgrevink v. Borchgrevink*, 941 P.2d 132, 139 (Alaska 1997) ("A
(continued...)

Walsh challenges the superior court's factual finding regarding his recent lack of communication, asserting that it was "without any evidence." Yet the court's finding is supported by Singleton's unrebutted testimony at the hearing. Walsh argues, in essence, that the superior court should have disbelieved Singleton or given less weight to her testimony. Once again, however, we give "particular deference" to findings based on oral testimony "because the trial court, not this court, judges the credibility of witnesses and weighs conflicting evidence."[31] The superior court's reliance upon Singleton's testimony in finding a recent lack of communication by Walsh was not clearly erroneous.

Walsh also contends that the court erred by failing to consider the children's preferences in its best interests analysis. But the court is required to consider the children's preferences only if they are "of sufficient age and capacity to form a preference,"[32] and the court must address only factors that are actually relevant.[33] When the court modified custody, one child had recently turned 12 and the other child was about to turn 10. We have previously affirmed a superior court's decision declining to consider the preferences of children at ages 11 and 10 because they lacked the maturity

---

[30]     (...continued)
[superior] court's factual findings need not be extensive, but must either give us a clear indication of the factors which the superior court considered important in exercising its discretion or allow us to glean from the record what considerations were involved.").

[31]     *Limeres v. Limeres*, 320 P.3d 291, 296 (Alaska 2014) (quoting *Sheffield v. Sheffield*, 265 P.3d 332, 335 (Alaska 2011)).

[32]     AS 25.24.150(c)(3).

[33]     *Thomas*, 171 P.3d at 102-03.

and capacity to form a preference.[34] Although consideration of the children's preferences may have been permissible in this context, the court did not abuse its discretion in deciding the matter without addressing those preferences.

## V.    CONCLUSION

The superior court's custody modification order is AFFIRMED.

---

[34]    *William P. v. Taunya P.*, 258 P.3d 812, 816 (Alaska 2011).